(Reap. Dec. 9263)

J. OSSOLA CO., INC., ET AL. *v.* UNITED STATES

Entry No. 892636, etc.

(Decided November 25, 1958)

*Lane, Young & Fox* (*William Whyman* of counsel), *John D. Rode* (*Ellsworth F. Qualey* of counsel), and *Barnes, Richardson & Colburn* (*E. Thomas Honey* and *Hadley S. King* of counsel) for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Daniel I. Auster*, trial attorney), for the defendant.

DONLON, Judge: The appeals to reappraisement listed in schedule A, attached to and made a part of this decision, have been consolidated with reappraisement 288470–A. That appeal was submitted on a stipulation of facts. Briefs were filed on the issue of law.

As to each of the other appeals, counsel for importers have represented that the facts, in all material respects, and the issue of law are the same as in reappraisement 288470–A. Defendant stated in open court both its consent to suspension of these appeals under reappraisement 288470–A and its objection to consolidation with that appeal. By consent to suspension, defendant is understood to represent, under rule 16, that a common issue of law is involved in the cases. Rule 38 empowers the court to order consolidation of actions involving a common question of law, and this was done.

If the decision here is for plaintiffs on the issue of law, proofs should be taken as to the quantity, price, and amount of the disputed charges of each litigated entry. If decision here is for defendant, remand for such proofs is unnecessary.

The facts in reappraisement No. 288470–A have been stipulated as follows:

1. That the merchandise involved in the above-entitled case consists of peeled tomatoes exported from Genoa, Italy, on or about March 1, 1957.

2. That on or about the time of exportation herein, such or similar merchandise was freely offered by the seller for sale to all purchasers in Felino, Italy, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States, at the price of $3.15 per carton less 1% packed, FOB Genoa, Italy, which price included an item of inland freight from Felino to Genoa, Italy, in the sum of $82.00.

3. That the merchandise was appraised on the basis of export value, conceded by the parties hereto to be the proper basis for appraisement.

4. That there was no higher foreign value for such or similar merchandise at or about the time of the exportation of the merchandise involved herein.

5. That the only issue involved herein is whether the above item invoiced as inland freight is part of the statutory export value.

6. That if the item of inland freight is part of the statutory value of the imported merchandise, then the appraised value represents the correct export value.

7. If the item included as inland freight is not part of the statutory value of the imported merchandise, then the statutory export value is equal to and no greater than the appraised value, less the item of $82.00 for inland freight.

8. That on or about the time of exportation, Felino, Italy, the location of the factory, was the principal market in Italy for such or similar merchandise.

9. That on or about the time of exportation herein, all sales and offers for sale by the seller, of such or similar merchandise were made at Felino, Italy, on an FOB Genoa, Italy, basis only, and no sales or offers for sale were made by the seller at the factory less the charges for inland freight.

10. That the following documents, part of the official papers herein, may be admitted in evidence for all purposes, it being agreed for the instant case only, that the said inland freight, Felino to Genoa, appearing in the consular invoice is correct: (1) Consular Invoice Form F. S. 138; (2) Commercial Invoice dated Felino, li 16/2/57; (3) Invoice of Returned American Goods and Declaration of Foreign Exporter, Form F. S. 129; (4) memo to the Appraiser; (5) Summary of Entered Values and Summary of Examination and Appraisement, Customs Form 6417.

Plaintiffs' brief seems to assume that the charge for inland freight has been added by the appraiser in arriving at export value of the tomatoes. This, of course, is not the fact. As the stipulated facts show, the appraiser has used as export value the price at which (and only at which) such tomatoes were freely offered for sale for export to the United States at or about the time of this exportation. All sales and offers to sell were made in the principal market (Felino) at or about the time of this exportation, at unit prices f. o. b. Genoa, the port of exportation. There were no sales or offers to sell at prices *ex* the expense of inland freight.

The facts bring these cases within the rule laid down by our appeals court in *United States* v. *Paul A. Straub & Co., Inc.*, 41 C. C. P. A.

(Customs) 209, C. A. D. 553, and *Albert Mottola* v. *United States*, 46 C. C. P. A. (Customs) —, C. A. D. 689, decided November 5, 1958. I applied the rule laid down in the *Straub* case to a comparable state of facts in *American Commercial, Inc.* v. *United States*, 40 Cust. Ct. 690, Reap. Dec. 9072.

I find as facts:

1. That the merchandise of these consolidated appeals consists of tomatoes exported from Italy

2. That the principal market was Felino.

3. That such merchandise was freely offered for sale in the principal market in the usual wholesale quantities, at or about the times of exportation, for export to the United States, at unit prices f. o. b. Genoa, which included the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States.

4. That the appraised values are such prices.

5. That if such or similar merchandise was freely offered for sale in Italy, at or about the times of exportation, to all purchasers for domestic consumption, the prices at which such offerings were made were not higher than the prices at which such or similar merchandise was offered for export.

I conclude, as matter of law:

1. That export value, as defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for valuing the entry merchandise.

2. That the item which is claimed as deduction for inland freight is not deductible from invoice prices in determining export value of the entry merchandise.

3. That the export values of the entry merchandise are the appraised values.

Judgment will be entered accordingly.